FILED

2004 JAN 29 P 1: 27

US DISTRICT
BRIDGEPORT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESUS M. DeLEON,  : NO. 3:01CV00945 (SRU)
    Plaintiff,

vs.

POLICE CHIEF EDWARD FLAHERTY,
DETECTIVE DAVID BALNIS,
SARGEANT EUGENE M. COYLE,
SARGEANT EDWARD PEKRUL; DETECTIVE
PHILIP DISTISO, DETECTIVE GARY
PALOSI, OFFICER EDWARD APICELLA,
OFFICER CHRISTOPHER SHEA,
OFFICER CHRISTOPHER CORBETT,
SARGEANT JAMES NARDOZZI, AND
SARGEANT ROBERT MAXWELL,
    Defendants.  : JANUARY 27, 2004

## DEFENDANTS' REBUTTAL TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**I.  PRELIMINARY STATEMENT**

The plaintiff, Jesus M. DeLeon, brings this action against the defendants claiming they violated his right to be free from false arrest and malicious prosecution, as guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. The plaintiff also asserts a claim for the intentional infliction of emotional distress. Defendants moved for summary judgment as to all of plaintiff's claims and plaintiff submitted his opposition on September 22, 2003. The plaintiff's opposition contained two affidavits of a witness, Carl Brown. Defendants were given the

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221•WEST HARTFORD, CT 06119-1544•(860) 233-8251•JURIS NO. 52776

opportunity to take his deposition prior to filing this rebuttal. Carl Brown's deposition transcript is attached hereto as defendants' Exhibit 5.

## II. ARGUMENT

As a threshold matter, defendants Pekrul, Distiso, Palosi, Apicella, Shea, Corbett, Nardozzi, Coyle, Maxwell and Flaherty maintain their argument that summary judgment should enter in their favor inasmuch as they had absolutely no involvement in the preparation and submission of the application of the arrest warrant for the plaintiff. The record clearly evidences that the only officer involved in the actual preparation and submission of the warrant was Detective Balnis. Reese v. Garcia, 115 F.Supp.2d 284 (D.Conn. 2000). Just because a plaintiff alleges that defendants "acted jointly in concert with one another" does not make it so. There is nothing in the record indicating that the named defendants had reason to believe that defendant Balnis was allegedly violating plaintiff's constitutional rights. Therefore, judgment in favor of these defendants is certainly warranted.

Summary judgment, however, must also enter in favor of Detective Balnis. The plaintiff identifies the following items in support of the claim that defendant's warrant application lacked in probable cause:

2

**SACK, SPECTOR AND KARSTEN, LLP** • *ATTORNEYS AT LAW*
836 FARMINGTON AVE., SUITE 221• WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

1. The plaintiff and the witness Carl Brown did not specifically match the physical description given by the victims of the robbery. This allegation was previously addressed in defendants' memorandum of law in support of summary judgment. Detective Balnis testified that victims very rarely give exact descriptions. Moreover, even if the fact that the descriptions differed was included in the warrant, probable cause still existed for the warrant based on the statement given by Carl Brown.

2. DeLeon did not have pending warrants for his arrest in New York. This fact is immaterial to the issue of whether there was probable cause for the arrest.

3. The defendants did not conduct a lineup or do a photographic array. This fact is immaterial to the issue of whether there was probable cause for the arrest and goes only to the manner in which Balnis conducted his investigation. Notwithstanding the foregoing, Carl Brown admitted during his deposition testimony that he in fact was shown a picture of the plaintiff and positively identified him. Exh. 5, pp. 59-60.

4. The defendant allegedly lacked physical evidence and did not question the plaintiff's girlfriend. These allegations are immaterial to the issue of whether the information contained in the warrant was sufficient to a determination of probable cause and goes only to the manner in which Balnis conducted his investigation.

5. The witness Carl Brown claims he was under the influence of PCP and denies implicating himself or Jesus DeLeon in the robbery. Carl Brown acknowledged during his deposition that he was not behaving in a manner that would indicate he was incapable

3

**SACK, SPECTOR AND KARSTEN, LLP** • *ATTORNEYS AT LAW*
836 FARMINGTON AVE., SUITE 221• WEST HARTFORD, CT 06119-1544• (860) 233-8251 • JURIS NO. 52776

of understanding what Detective Balnis was asking him during the interview. Carl Brown further acknowledged that Detective Balnis would have had no way of knowing that he was under the influence of drugs other than by slow speech or movement. Brown further admits that he was interviewed by Detective Balnis for approximately 35-40 minutes and that he did provide him with information regarding the plaintiff, all of which is included in the warrant application and could have only come from this witness. Id. at 35-45.

WHEREFORE, based on the foregoing, summary judgment must enter in favor of all defendants, including, Detective Balnis.

DEFENDANTS,

By: _____
Michelle Holmes
Federal Bar No.: ct20014
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06199
(860) 233-8251

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 27th day of January, 2003, to the following counsel of record:

Jason Lipsky, Esq.
Moynahan, Minnella, Broderick & Tindall
141 East Main Street
Waterbury, CT 06722

_Michelle Holmes_
Michelle Holmes