UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESUS M. DELEON | : | |
| | : | |
| v. | : | Civ. Action No. |
| | : | 3:01CV945 (SRU) |
| EDWARD FLAHERTY, ET AL. | : | |

### PRE-TRIAL ORDER

The parties shall jointly submit, in one continuous document signed by counsel for all parties, a final pretrial memorandum (in compliance with Rule 6 of the Local Rules of Civil Procedure and in lieu of the pretrial memorandum required by the Standing Order Regarding Trial Memoranda in Civil Cases). **In addition to filing an original of the pretrial memorandum with the Clerk of the Court, counsel shall also provide to Chambers a courtesy copy of the pretrial memorandum and all attachments thereto, both in hard copy and on a 3 ½" computer diskette in WordPerfect format.** The pretrial memorandum shall be submitted by **April 23, 2004**, and shall contain the following information:

1. **TRIAL COUNSEL:** List the names, addresses, telephone and fax numbers of the attorneys who will try the case. Trial counsel must attend the pretrial conference, unless excused by the Court.

2. **JURISDICTION:** Set forth the basis for federal jurisdiction.

3. **JURY/NON-JURY:** State whether the case is to be tried to a jury or to the Court. If it will be tried partially to each, explain.

4. **LENGTH OF TRIAL:** Set forth a realistic estimate of trial days required.

5. **FURTHER PROCEEDINGS:** Specify, with reasons, the necessity of any further proceedings prior to trial.

6. **NATURE OF CASE:** Separately state the nature of each cause of action and of the relief sought. If appropriate, state the nature of any counterclaims and/or affirmative defenses.

7. **STATEMENT OF THE CASE:** Provide a brief statement describing this case, which can be read to the jury at jury selection.

8. **TRIAL BY MAGISTRATE JUDGE:** Indicate whether the parties have agreed to a trial by a Magistrate Judge.

9. **LIST OF WITNESSES:** Each party shall provide the name, address, and a brief summary of the anticipated testimony of all witnesses by separately listing: (a) the witnesses the party expects to call at trial; and (b) the witnesses the party may call at trial if the need arises. Witnesses not listed shall not be permitted to testify at trial, except for good cause shown.

   For each expert witness, set forth the area of the expert's expertise, the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Attach a curriculum vitae, if available.

10. **DEPOSITION TESTIMONY:** Each party shall list all witnesses who are expected to testify by deposition at trial and shall identify by page and line references the deposition testimony that each party proposes to read into evidence. Cross-designations shall be made as provided by Fed. R. Civ. P. 32(a)(4). The lists shall specify all objections to deposition designations. These objections must be resolved between the parties or by Court ruling prior to jury selection. After submission, the Court will permit amendment of the lists only for good cause shown. At the time of trial, the Court will permit reading of testimony from a deposition only in the order in which it was taken.

11. **EXHIBITS:** Each party shall identify all exhibits that it may present at trial, by providing a brief description of each exhibit, and by separately listing the exhibits that the party: (a) expects to offer at trial; and (b) may offer at trial if the need arises. Exhibits not listed will not be admitted at trial except for good cause shown.

   Counsel shall mark all exhibits sequentially with exhibit tags (e.g., "Plaintiff's Exhibit 1" or "Defendant's Exhibit A"), which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of all exhibits shall be exchanged no later than fourteen (14) calendar days prior to trial, and the original set of exhibits for the Deputy Clerk and two complete copies of the exhibits (in binders) for Judge Underhill and

his law clerk shall be submitted to the Deputy Clerk seven (7) calendar days prior to trial.

Any objection to the admissibility of any exhibit, other than on the grounds of relevance, shall be filed with the Court in writing at least seven (7) calendar days prior to trial, together with a memorandum of authorities in support of the objection. Any objections not made in this manner, except objections as to relevance, may be deemed waived.

12. **ANTICIPATED EVIDENTIARY PROBLEMS/ MOTIONS IN LIMINE:** Attach to the final pretrial memorandum a list of all evidentiary problems anticipated by the parties, together with memoranda of fact and law. Also attach all motions in limine together with supporting memoranda. Any memorandum in opposition to a motion in limine shall be filed within seven (7) days after the filing of the motion.

13. **STIPULATIONS OF FACT AND LAW:** Counsel for all parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and an agreed statement of the contested issues of fact and law, which stipulation and agreed statement will be set forth in the final pretrial memorandum. If unable to stipulate to any facts, the parties shall so state. If unable to stipulate to an agreed statement of contested issues of fact and law, each party shall, to the extent there is not agreement, set forth its view of the contested issues of fact and law.

14. **TRIAL TO COURT/JURY**

   (a) **Court:** Each party shall submit proposed findings of fact and conclusions of law, citing relevant authority where appropriate.
   (b) **Jury:** The stipulation of uncontroverted facts will be read to the jury and no evidence shall be presented on the uncontested facts.

   (1) **Proposed Voir Dire Questions:** Each party shall attach a list of questions to be submitted to the jury panel.

   (2) **Proposed Jury Instructions:** Each party shall attach requests for jury instructions. Counsel are <u>not</u> required to submit general jury instructions that, for example, instruct the jury on its role, evidence in general, witness credibility, etc.

      (3)    **Jury Interrogatories/Proposed Verdict Form:** Counsel for all parties shall confer in an effort to enter into an agreed proposed jury verdict form. The form may request that the jury return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b). If the parties are unable to agree, each party shall submit a proposed jury verdict form.

      (4)    **Proposed Case Statement:** Counsel for all parties shall confer in an effort to prepare a joint brief case statement to be read at jury selection. If the parties are unable to agree, each party shall submit a proposed case statement.

14. **AVAILABILITY OF WITNESSES:** Each party shall ensure the availability at trial of each witness listed by that party unless the Court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

15. **PRETRIAL REQUIREMENTS:** The requirements established by this Order may not be modified by agreement of counsel.

It is so ordered.

Dated at Bridgeport this 23rd day of February 2004.

                                                /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge