UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESUS M. DELEON | : | NO. 3:01CV00945 (SRU) |
|     Plaintiff | : | |
| vs. | : | |
| | : | |
| POLICE CHIEF EDWARD FLAHERTY, | : | |
| ET AL. | : | |
|     Defendants | : | JUNE 2, 2004 |

**PARTIES SUBMISSION FOR JOINT TRIAL MEMORANDUM**

1.  Trial counsel for plaintiff will be:

    Timothy C. Moynahan, Esq., and
    Jason M. Lipsky, Esq.
    Moynahan, Minnella & Tindall, L.L.C.
    141 East Main Street, P.O. Box 2242
    Waterbury, Connecticut 06722
    Tel. No. (203) 573-1411
    Fax. No. (203) 757-9313

    Trial counsel for the defendant will be

    Michelle Holmes, Esq.
    Sack, Spector & Karsten
    836 Farmington Avenue
    West Hartford, CT  06119
    Tel. No. (860)233-8251
    Fax No. (860)232-8736

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 United States Code.

3.  Jury trial.

4.   This is an action brought by the plaintiff to redress the claimed deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the laws of the State of Connecticut. Following an armed robbery in February 1999, the defendant, along with other members of the Waterbury Police Department, conducted a criminal investigation. The defendant prepared an arrest warrant application, which included an affidavit executed by the defendant, that resulted in the plaintiff's arrest. The plaintiff claims that the arrest warrant application, upon which a judge relied in his determination of probable cause to arrest, contained false, misleading information with material omissions of exculpatory facts. As a result, the plaintiff was wrongly arrested, detained and imprisoned for nine months before his release from jail could be secured. All charges against the plaintiff were subsequently dismissed by a Connecticut state court judge. The plaintiff has brought suit for false arrest and malicious prosecution under federal law. The plaintiff has also asserted a state law claim for intentional infliction of emotional distress. The plaintiff seeks compensatory damages, punitive damages, costs, and attorneys' fees.

   The defendants deny the plaintiff's allegations and claim they are entitled to qualified immunity.

5.   The parties have not reached any stipulations as to facts and/or law.

6.   The plaintiff's factual contentions with respect to his causes of action are:

   The plaintiff was an adult living in the City of Waterbury in the state of Connecticut.

The defendant was a duly appointed officer of the Waterbury Police Department, acting in his official capacity. He is sued, however, only in his individual capacity. The defendant acted under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and Town of Waterbury.

On or about February 18, 1999, the defendant, along with other members of the Waterbury Police Department, investigated an armed robbery that had occurred at the G & G Record Store in the City of Waterbury. During the course of his investigation, the defendant and/or other members of Waterbury Police Department developed information which was exculpatory in nature regarding the plaintiff's involvement, including but not limited, to a statement by the victims that the Hispanic-looking armed robber was approximately five feet two inches in height and had black hair. In addition, the defendants' investigation should have revealed that the plaintiff had no criminal record and an alibi for his whereabouts on the evening in question. Further, the investigation should have revealed that the witnesses description of the robbers did not fit the suspects and, that their informant, Carl Brown, gave a false statement, was under the influence of narcotics at the time of his statement, and was offered a deal on other pending charges in exchange for his statement. The defendant applied for an arrest warrant for the plaintiff on March 16, 1999. The affidavit which accompanied the application for plaintiff's arrest intentionally or recklessly omitted this material information.

The arrest warrant was reviewed and signed by a judge of the Superior Court and resulted in the plaintiff's arrest. Based upon the severity of the criminal charges, the plaintiff's bail was set at $100,000, an amount that he could not secure. The plaintiff remained incarcerated for nine months. On December 14, 1999, all pending charges against the plaintiff were dismissed.

As a direct and proximate result of the defendant's conduct, the plaintiff suffered the prolonged deprivation of his liberty, economic loss and extreme emotional distress. As a consequence of the conduct of the named defendants, the plaintiff was required to attend court many times as an accused criminal to defend himself against the charges that were lodged against him by the defendants. The conduct of the defendant described above violated the plaintiff's rights to be free from false arrest and malicious prosecution secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by Title 42 U.S.C. §1983 and 1988. In addition, the defendant's actions constitute the intentional infliction of emotional distress upon the plaintiff in violation of Connecticut law.

7.   The defendant, Detective Balnis claims that at the time he submitted the application for the plaintiff's arrest, probable cause existed to do so. Moreover, nothing the defendant did was with malicious intent. Finally, the defendant denies that he caused the plaintiff to suffer extreme emotional distress.

8.   The legal issues presented by the factual contentions of the parties are:

      a.      Did the defendant violate the plaintiff's right to be free from false arrest?

      b.      Did the defendant violate the plaintiff's right to be free from malicious prosecution?

      c.      Did the defendant intentionally inflict extreme emotional disturbance upon the plaintiff?

      d.      Is the plaintiff entitled to compensatory damages, and if so, in what amount?

      e.      Is the plaintiff entitled to punitive damages, and if so, in what amount?

      f.      Is the plaintiff entitled to attorneys' fees under 42 U.S.C. Section 1988?

      g.      Is the plaintiff entitled to costs?

9. The plaintiff's proposed questions to be submitted to the jury panel are:

1. This case involves the plaintiff's claim against Detective Balnis of the Waterbury Police Department. Do you hold the view that police officers and detectives should be immune from civil lawsuits?

2. Are you related to or close friends with anyone employed in the field of law enforcement? If so, could you be fair and impartial in this case?

3. Are you inclined to give any special weight to a police officer's testimony in comparison to other witnesses in the case?

4. Do you have an opinion about which is more important – "law and order" or preserving constitutional rights? If so, what is your opinion?

5. Have you ever had any dealings with the Waterbury Police Department? Please explain. Have you ever had any dealings with local police officers in your community? Please explain.

6. Have you been a plaintiff, defendant or witness to a lawsuit? If so, please explain.

7. This is a lawsuit for civil rights violations brought by an individual citizen against a police detective. Is there any reason why you would have difficulty being fair and impartial as a juror given these facts?

8. Have you ever been arrested?

9. Do you believe that private citizens have the right to bring a lawsuit against the police?

10. Do you understand that the plaintiff in this lawsuit must only prove his case by a preponderance of the evidence, in other words, by the better or weightier evidence, and that he does not have to satisfy the criminal standard of proof beyond a reasonable doubt?

11. Assuming the plaintiff proves his case, do you have any problem making an award of money damages in his favor?

12. Are you hesitant to enter an award of money damages against a police officer?

13. At the end of the case the judge will instruct you on the law. Can you follow his instructions even if you disagree with it?

14. Will you decide the case solely on the evidence presented to you?

15. Will you consider each and every element of damages as explained to you by the judge.

16. Do you believe that there are either too many or too few lawsuits in this country?

17. Have you followed any news reports regarding proposals to change our civil justice system? Please describe the story or stories you have followed.

18. Do you have a feeling one way or another about a person who comes to court asking for money damages? Do you recognize the right of a person to come to court to ask for money damages?

19. At the end of the case the judge will instruct you on the law. Can you follow his instructions even if you disagree with some or all them?

20. Will you decide the case solely on the evidence presented to you?

21. Assuming that you believe that the plaintiff has proven his case, will you consider each and every element of damages as explained to you by the judge in making your damage award?

10. The plaintiff may call the following witnesses to the stand:

Jesus M. DeLeon, Waterbury, CT (the plaintiff);

Remekka Dozier, Waterbury, CT (the plaintiff's former girlfriend);

Carl Brown, Waterbury, CT (witness; provided statement to police);

Vincent Lovett, Waterbury, CT (co-defendant on criminal charges);

Detective David Balnis, Waterbury, CT (the defendant);

Calvin Thomas, Waterbury, CT (robbery victim);

Winston Henry, Waterbury, CT (robbery victim);

Sandra Parsons, Berkshire Investigations, Torrington, CT (criminal defense private investigator);

Louis Avitable, Esq., Waterbury, CT (DeLeon's special public defender)

Sargeant Eugene M. Coyle, Waterbury, CT (criminal investigation);

Sargeant Edward Pekrul, Waterbury, CT (criminal investigation);

Detective Gary Palosi, Waterbury, CT (criminal investigation);

Officer Edward Apicella, Waterbury, CT (criminal investigation);

Officer Christopher Shea, Waterbury, CT (criminal investigation);

Officer Christopher Corbett, Waterbury, CT (criminal investigation);

Sargeant James Nardozzi, Waterbury, CT (criminal investigation); and

Sargeant Robert Maxwell, Waterbury, CT (criminal investigation).

The defendant may call any of the witnesses listed by the plaintiff

11. The plaintiff may introduce some or all of the following exhibits:

Exhibit A: Waterbury Police Report 2/18/99 (regarding armed robbery);

Exhibit B: Voluntary Statement of Winston Henry 2/18/99;

Exhibit C: Voluntary Statement of Calvin Thomas 2/19/99;

Exhibit D: Voluntary Statement of Carl Brown 3/15/99;

Exhibit E: Application for Arrest Warrant 3/16/99;

      Exhibit F:  Uniform Arrest Report 3/16/99;

      Exhibit G:  Reports of Berkshire Investigations;

      Exhibit H:  Copy of court file as to underlying criminal case against plaintiff;

      Exhibit I:  Deposition Testimony of David Balnis (impeachment);

      Exhibit J:  Deposition Testimony of Carl Brown (impeachment);

      Exhibit K:  Written discovery responses of David Balnis;

      Exhibit L:  Written Statement of Carl Brown 11/10/02; and

      Exhibit M:  Affidavit of Carl Brown 9/15/03.

      The defendant intends to use any of the exhibits listed by the plaintiff.  The defendants will also introduce certified copies of the plaintiff's felony criminal convictions if necessary.

12.    The parties do not have any witnesses that are expected to testify by deposition.

13.    The jury charge requests are attached.

14.    The plaintiff anticipates an evidentiary dispute involving admissibility of his convictions by the defendant for impeachment.  The plaintiff attaches a motion in limine and memorandum of law in support of his opposition to such evidence.

      The defendant anticipates objecting to the use of sworn affidavits of witnesses who testify at the time of trial.  The defendant maintains his right to object to any of plaintiff's evidence and/or testimony on the ground of hearsay and/or relevance.

15.    Not applicable.

16. Counsel anticipate that the case will take three to five days from opening statements through verdict. Jury selection will take (part of) one day.

17. At this time, none are anticipated.

18. The parties do not agree to have the case tried by a United States Magistrate.

                            DEFENDANTS: EDWARD FLAHERTY, ET AL.

                          BY_____
                                Michelle Holmes
                                Federal Bar No.: ct20014
                                Sack, Spector & Karsten
                                836 Farmington Avenue
                                West Hartford, CT 06119
                                860-233-8251   F: 860-232-8736
                                mholmes@sackspec.com
                                Their Attorney

## CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 2nd day of June, 2004, to the following counsel of record:

Jason M. Lipsky, Esq.
Federal Bar #: ct18332
Moynahan, Ruskin, Mascolo
& Minnella
141 East Main Street
Waterbury, CT  06702

                                                             _____
                                                                Michelle Holmes