```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JESUS M. DeLEON,                  :  NO.:  3:01CV00945 (SRU)
    Plaintiff                                        (WIG)

vs.


DETECTIVE DAVID BALNIS,
    Defendant                     :  JUNE 2, 2004
```

### DEFENDANT'S PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS

Pursuant to the Court's Pre-Trial Order, the defendant David Balnis respectfully requests that the Court instruct the jury as follows. Defendants also request permission to supplement or revise these instructions as necessary prior to and during trial.

```
                          DEFENDANTS, POLICE CHIEF
                          EDWARD FLAHERTY, ET AL.




                      BY_____
                          Michelle Holmes
                          Federal Bar No.: ct20014
                          Sack, Spector & Karsten
                          836 Farmington Avenue
                          West Hartford, CT 06119
                          860-233-8251  860-232-8736
                          mholmes@sackspec.com
                          Their Attorney
```

## SECTION 1983:  THE ELEMENTS

The plaintiff, Jesus DeLeon, claims that his constitutional rights were violated because the defendant, David Balnis caused him to be falsely arrested him.  To prevail on this claim, the plaintiff must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

First, that the defendant acted under the color of state law;

Second, that the defendant violated the plaintiff's constitutional rights by falsely arresting him;

Third, that the defendant's acts were the proximate cause of any damages sustained by plaintiff.

It is not necessary under this statute to find that the defendants specifically intended to deprive the plaintiff of his constitutional rights.  Instead, a plaintiff is entitled to relief if the defendants intentionally or recklessly engaged in conduct which violated particular constitutional rights.  However, mere negligence on the part of the defendant is not enough to create liability.

An act is <u>intentional</u> if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason.  An act is <u>reckless</u> if it is done in conscious disregard of its known probable consequences.  On the other hand, an act is <u>merely</u> <u>negligent</u> if a defendant's conduct breached a legal duty to use reasonable care in the circumstances, but the defendant did not act intentionally or recklessly.

In determining whether a defendant acted intentionally or recklessly, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.[1]

Here, the parties agree that the defendant acted under color of state law, so you need not consider that issue.  Keeping these general requirements of a § 1983 civil rights claim in mind, I shall

---

[1] Charge to the jury delivered by the Honorable Jose A. Cabranes in <u>James F. Althan, Jr. v. Philip Beamon,</u> Civil No. N-86-387 (JAC) (D.Conn. April 8, 1991), at 17; Sand, Instructions 87-68-77(significantly adapted).

now instruct you concerning the specific constitutional rights of which the plaintiff claims to have been deprived.

### FALSE ARREST

The plaintiff claims that he was wrongly arrested as a result of a warrant application that was written by Detective Balnis.  The defendant claims that at the time he made application for the plaintiff's arrest, probable cause existed for said arrest.  If there was probable cause to arrest plaintiff, then the arrest was lawful.  When an arrest is made pursuant to a warrant by a neutral magistrate, there is a presumption that the it was objectively reasonable for the officer to believe that there was probable cause to make the arrest.  An arrest is not lawful, however, if the plaintiff has proven to you by a preponderance of the evidence that he was arrested without probable cause.  Probable cause exists if there are facts and circumstances of which the officer had reasonably trustworthy knowledge which would lead a prudent person reasonably to believe that the person arrested committed the offense.  The quantum of evidence necessary to establish probable cause exceeds mere suspicion, but is substantially less than that required to prove a person's guilt beyond a reasonable doubt.  Nor is the fact that the plaintiff's arrest was not prosecuted by a prosecutor evidence of the validity or invalidity of the arrest.  That a prosecutor decided not

to bring the criminal charge to trial should not affect your decision as to whether or not probable cause existed to make the arrest. Whether to prosecute a case is within the sole discretion of the prosecutor, and he may decline to prosecute a charge for any reason or for no stated reason at all. It is for you, however, to make an independent judgment whether probable cause existed for the arrest.

A police officer does not need proof beyond a reasonable doubt to make an arrest; nor does he need proof by a fair preponderance of evidence to arrest. An officer who makes an arrest on the basis of probable cause has acted lawfully and within his authority. An officer who makes an arrest without probable cause acts unlawfully and outside his authority.

You must decide whether or not the plaintiff proved by a fair preponderance of evidence that the defendant officer who you find arrested plaintiff acted so as to cause the plaintiff to be arrested without probable cause, based on the facts known to the officer at the time of the arrest. A police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.

Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)
Brinegar v. United States, 338 U.S. 160, 175 (1949)
United States v. Fisher, 702 F.2d 372, 375 (2d Cir. 1985)
Caldarola v. Calabrese, 298 F.3d 156, 167-68 (2d Cir. 2002)

**PROBABLE CAUSE**

The burden of proof is on the plaintiff to persuade you that the arrest was made without probable cause, that is, there was no basis on which the police could have believed that the plaintiff violated the statute(s) involved. Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. In dealing with probable cause, as the very name implies, we deal with probabilities. Rather, you must evaluate generally the circumstances at the time of the arrest to decide if there was probable cause. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent people, not legal technicians, act. There is often a fine line between mere suspicion and probable cause, and that line must necessarily be drawn by an act of judgment formed in light of the particular situation and with account taken of all the circumstances.

For plaintiff to prevail on the claim based on false arrest, he must prove to you by a fair preponderance of the evidence that there was no probable cause for the charge against him on the occasion on which he was arrested, and that if there was no probable cause, the defendant who arrested him is also not entitled to governmental immunity, which I will explain later. If plaintiff has failed to prove there was not probable cause for him to be arrested, or if the arresting defendant is entitled to governmental immunity, he may not

prevail on the claim of false arrest.  Reasonableness in making an arrest is to be determined on the facts known to the officers at the time the arrest was made.

Adams v. Williams, 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
State v. Dennis, 189 Conn. 429, 431-32 (1983)
State v. Middletown, 170 Conn. 601, 603 (1976)
McHale v. W.B.S. Corporation, 187 Conn. 444, 447 (1982)
McMahon v. Florio, 147 Conn. 704, 706 (1960)
Beinhorn v. Saraceno, 23 Conn. 487, 491 (1990)
Outlaw v. City of Meriden, 43 Conn. App. 387, 391 (1996)
Brodrib v. Doberstein, 107 Conn. 294, 296 (1928)

## QUALIFIED IMMUNITY

In considering plaintiff's claim that he was subjected to false arrest you may also consider the defendant's affirmative defense that he is entitled to qualified immunity, and that he cannot be held liable to the plaintiff for damages under the law.

You are instructed that all government officials, including police officers, are entitled in proper cases to the defense of qualified immunity against claims under the Constitution for money damages.  This defense is intended to protect officers from liability arising from the performance of their duties, such as the use of force and making arrests.  These officers must routinely make close decisions in order to exercise the discretionary authority which is delegated to them.  The qualified immunity defense protects such officers from liability unless they are plainly incompetent or knowingly violated the law.

You are instructed that conduct is "objectively reasonable" unless it is obvious that no reasonably well-trained officer would have taken the same action under the same or similar circumstances. If you find that the defendant's actions were objectively reasonable under the circumstances, even if they did violate the plaintiff's constitutional right to be free from false arrest, then the defendant is entitled to qualified immunity and you must find in his favor. Even if reasonable officers could disagree about whether probable

cause existed for plaintiff's arrest, the defendant officer is entitled to judgment in his favor.

Harlow v. Fitzgerald, 457 U.S. 800 (1982).
Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).

## MALICIOUS PROSECUTION

In order to prevail on a claim for malicious prosecution, the plaintiff must establish a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution under Connecticut state law.  If you determined that the defendant had probable cause to arrest the plaintiff at the time he applied for the arrest warrant, you must also find in favor of the defendant as to plaintiff's malicious prosecution claim.  If, however, you determine that defendant did violate the plaintiff's right to be free from false arrest, then you must make the following additional determination.  Did the defendant initiate the criminal prosecution of the plaintiff with malice for a purpose other than bringing the plaintiff to justice?

Shattuck v. Town of Stratford, 244 F.Supp.2d 301, 304 (D.Conn. 2002).

## PUNITIVE DAMAGES

The plaintiff has made a claim for punitive damages in this case.  Punitive damages are not favored in law and are to be allowed only with caution and within narrow limits.  They are to be awarded

in cases brought under federal civil rights statutes only where there have been malicious actions by the defendant officer in gross disregard of the plaintiff's rights.
LaReau v. Manson, 383 F. Supp. 214, 219 (D.Conn. 1974).

### DAMAGES: COMPENSATORY DAMAGES

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.  You must then award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the unconstitutional conduct of the defendant.

You shall award actual damages only for those injuries you find that the plaintiff has proven by the preponderance of the evidence. Moreover, as to plaintiff's federal claims, you shall award actual damages only for these injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of § 1983.  That is, you may not simply award actual damages for any injury suffered by the plaintiff--you must award actual damages only for those injuries that are a direct result of the actions by the defendants which violated that plaintiff's constitutional rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.  You are not permitted to award damages based on the

abstract value or importance of constitutional rights.  <u>Sand</u>, Instruction 87-87.

### **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

One of the claims by the plaintiff against defendant is that he intentionally inflicted emotional distress upon him.  This claim is under state common law and is not based upon the United States Constitution.

In order to recover for the "tort" or "civil wrong" of "intentional infliction of emotional distress" under Connecticut law, the plaintiff must prove four elements against each individual defendant by a preponderance of the evidence:

(1) that a named defendant intended to inflict emotional distress or that he knew, or should have known, that emotional distress was a likely result of his conduct;

(2) that the conduct of the named defendant was extreme and outrageous;

(3) that the conduct of the named defendant was the cause of the plaintiff's distress; and

(4) that the emotional distress sustained by the plaintiff was severe.

Regarding the first element that the plaintiff must prove, that is, that a named defendant intended to inflict emotional distress or that he knew, or should have known, that emotional

distress was a likely result of his conduct, the defendant must have acted either with deliberate purpose to cause the distress, or with knowledge to a substantial certainty that such distress would result. It is not enough that a defendant may have negligently, inadvertently or accidentally inflicted emotional distress on the plaintiff, even if that was the result.

In connection with the second element which must be proven by the plaintiff, that is, that the conduct of the named defendant was extreme and outrageous, the defendant's conduct must have exceeded all bounds usually tolerated by a decent society.  To find for the plaintiff on this claim, the conduct of any named defendant must have been so outrageous in character and so extreme in degree, in your judgment, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community.  For the tort of intentional infliction of emotional distress to be established, the plaintiff must prove conduct considerably more offensive than that experienced in the rough and tumble of everyday life.  Mere insults, indignities or annoyances that are not extreme or outrageous will not suffice to establish liability.  Likewise, simply unpleasant or uncomfortable behavior is not sufficient to make out a claim for intentional infliction of emotional distress.

Regarding the third and fourth elements, a defendant may be held liable only for conduct of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. A line must be drawn between the slight hurts which are the price of a complex society and conduct which is calculated to cause, and does cause mental distress of a very serious kind. The named defendant's actions must have been so flagrant that they would have caused severe emotional distress in a person of ordinary sensibilities.

Huff v. West Haven Board of Education, 1998 WL 386167*3 (D.Conn.).
Malik v. Carrier Corp., 986 F. Supp. 86 (D. Conn. 1997).
Collins v. Gulf Oil Co., 605 F. Supp. 1519 (D.Conn. 1985).
Reed v. Signoid Corp., 652 F.Supp. 129 (D. Conn. 1986).
Kintner v. Nidec-Torin Corp., 662 F. Supp. 112 (D. Conn. 1987).
DeLaurentis v. City of New Haven, 220 Conn. 225, 597 A.2d 807 (1991).
Petyan v. Ellis, 200 Conn. 243 (1986).
Whelan v. Whelan, 41 Conn. Supp. 519, 588 A.2d 251 (1991).

