UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESUS M. DELEON | : | NO. 3:01CV00945 (SRU) |
|     Plaintiff | : | |
| vs. | : | |
| | : | |
| POLICE CHIEF EDWARD FLAHERTY, | : | |
| ET AL. | : | |
|     Defendants | : | JUNE 2, 2004 |

## PLAINTIFF'S PRELIMINARY REQUESTS TO CHARGE

1.      The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his civil rights under the United States Constitution, specifically his right to be free from false arrest and malicious prosecution.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person who, while acting under color of State law, deprives that individual of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer. In this case, the plaintiff has met his burden of proving that the defendant acted under color of law, so you need not concern yourselves with that issue.  Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994).

1

2.	It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.. The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiffs rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. <u>Merriwether v. Coughlin,</u> 879 F.2d 1037 (2d Cir. 1989); <u>Bordanaro v. McLeod,</u> 871 F.2d 1151, 1164 (1st Cir. 1989); <u>Stengel v. Belcher,</u> 522 F.2d 438 (6th Cir. 1975); <u>Gregory v. City of Rogers,</u> 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); <u>Wood v. Ostrander,</u> 879 F.2d 583 (9th Cir. 1989); <u>Caballero v. City of Concord,</u> 956 F.2d 204 (9th Cir. 1992); <u>Presnick v. Santoro,</u> 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).

3.      The testimony of a police officer or detective is entitled to no special or exclusive sanctity.  A police officer or detective who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers or detectives, you should not believe their testimony merely because they are so employed.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, <u>including</u> police officers, do not stand in any higher station in the community than other persons, and - their testimony is not entitled to any greater weight. Wright, <u>CONN. JURY INSTRUCTIONS,</u> (2d Ed.) §667.

4.      If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

> a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom; and

> b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional. Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatlev v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 82-84 (2d Cir. 1981); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A2d 443 (1992).

5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

> 1) Willful or malicious violation of the constitutional rights of the plaintiff;
>
> 2) Any intentional act by the defendant in gross disregard of plaintiff's rights;
>
> 2) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff. If you find any one of these three things to have been proven, then you should award punitive damages.

Smith v. Wade, 461 U.S. 30 (1983); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).

6.	The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).

7.      A police officer has a duty to prepare and file complete truthful reports.  If a police officer files a false report, or files a report that leaves out essential information, for instance, information which exculpates or exonerates the accused individual, and that report results in the prosecution of an individual, then the officer has violated the constitutional right of the person reported on.  Therefore, if you find that the defendant here made a material false statement in the arrest warrant application, or omitted material exculpatory information, and the improper report caused the prosecution and incarceration of the plaintiff, then the defendant is liable to the plaintiff. Franks v. Delaware, 438 U.S. 154 (1978); White v. Frank, 855 F.2d 956 (2d Cir. 1988); Garcia v. Gaspari, 193 F.Supp.2d 445 (D.Conn. 2002); Golino v. City of New York, 950 F.2d 864, 871 (2d Cir. 1991).

8.      In addition to his claims under federal law, the plaintiff also alleges that the defendant intentionally inflicted emotional distress upon him in violation of the common law of the State of Connecticut. When a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress she has suffered. It is not necessary for there to be any physical injury in order for the plaintiff to recover. All that is necessary is that the conduct of the defendant have been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted. If you find these facts to have been proven, then the defendant should be found liable to the plaintiff for the intentional infliction of emotional distress under Connecticut state law.
Benton v. Simpson, 78 Conn.App. 746, 753 (2003); DeLaurentis v. New Haven, 220 Conn. 225 (1991); Petyan v. Ellis, 200 Conn. 243 (1986).

          RESPECTFULLY SUBMITTED,

          THE PLAINTIFF,
          JESUS M. DELEON

          By:     _____
                  Jason M. Lipsky
                  MOYNAHAN, MINNELLA
                  & TINDALL, L.L.C.
                  141 East Main Street, P.O. Box 2242
                  Waterbury, CT 06722
                  Federal Bar No. ct 18332
                  Tel. (203) 573-1411
                  Fax. (203) 757-9313