UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESUS M. DeLEON | : | NO. 3:01 CV 00945 (SRU) |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| POLICE CHIEF EDWARD FLAHERTY, ET AL. | : | |
|     Defendants | : | JUNE 2, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE RE: SUBSEQUENT CRIMINAL CONVICTIONS**

**FACTS:**

This action for alleged violations of the civil rights of the Plaintiff, **JESUS DELEON**, arose as a result of an allegedly false arrest and subsequent incarceration of the Plaintiff on the basis of the defendant's arrest warrant application. The plaintiff contends that the defendant's affidavit and warrant application omitted exculpatory material facts from the fact-finder's consideration.

The Plaintiff believes that the Defendants will introduce evidence in the trial of the instant matter concerning the Plaintiff's subsequent criminal convictions, for the purpose of impeaching the Plaintiff. Upon information and belief, the plaintiff has two subsequent convictions for sale of narcotics. Any probative value that the evidence of said criminal convictions may have is substantially outweighed by the clear danger of unfair prejudice to the Plaintiff, confusion of the issues, and the potential of such evidence to mislead the jury.

1

**LAW AND ARGUMENT:**

The Defendants will introduce the evidence at issue pursuant to Federal Rule of Evidence 609, which states in relevant part that evidence of a criminal conviction may be admitted to attack the credibility of a witness, "[S]ubject to Rule 403…if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused" Federal Rules of Evidence, Rule 609.

This rule establishes a balancing test under which the probative value of proffered evidence is weighed against the prejudicial harm likely to result from its admission. The Court has wide discretion to exclude evidence if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

The evidence of subsequent convictions for drug related offenses will have a highly prejudicial effect in the present case and will only distract the jury from issues central to the case. The mention of drug use or possession often arouses ideas and suspicions of the character of the individual involved with the drugs. Such ideas and suspicions can be greatly exaggerated and will be based on facts not in evidence. The mere mention of drug possession will incite predetermined notions and will unfairly prejudice the Plaintiff.

The negative connotations associated with the use of drugs are indisputable. There has been and there continues to be a national campaign to highlight the ills of drug use and to

demonize those who use and/or sell narcotics.  Currently, the present executive administration is engaged in a public ad campaign linking drug use and sale to the support of terrorism.  This illustrates the highly prejudicial nature and effect of allowing such testimony into evidence.  Because the use or possession of controlled substances is commonly associated with criminal and reprehensible persons and conduct, the mention of such use by a party in a civil matter is very likely to unduly arouse the jury's prejudice and emotions.

      The probative value of any evidence relating to subsequent criminal convictions is substantially outweighed by its prejudicial effect.  To admit said evidence will only serve to spark the jury's preconceived notions of drugs use and distract from the issues central to the case.

                                  THE PLAINTIFF
                                  JESUS DeLEON

By: _____
Jason M. Lipsky
MOYNAHAN, MINNELLA & TINDALL, L.L.C.
141 East Main Street, P.O. Box 2242
Waterbury, CT 06722
Federal Bar No. CT18332

<u>CERTIFICATION</u>

      I hereby certify that a true copy of the foregoing motion was sent to the following counsel of record on this 2nd day of June 2004:

Michelle Holmes, Esq.
Sack Specter & Karsten LLP
836 Farmington Ave., Suite 221
West Hartford, CT 06119


_____

Jason M. Lipsky