UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESUS M. DeLEON,  : NO. 3:01CV00945 (SRU)
    Plaintiff,

vs.

POLICE CHIEF EDWARD FLAHERTY,
DETECTIVE DAVID BALNIS,
SARGEANT EUGENE M. COYLE,
SARGEANT EDWARD PEKRUL; DETECTIVE
PHILIP DISTISO, DETECTIVE GARY
PALOSI, OFFICER EDWARD APICELLA,
OFFICER CHRISTOPHER SHEA,
OFFICER CHRISTOPHER CORBETT,
SARGEANT JAMES NARDOZZI, AND
SARGEANT ROBERT MAXWELL,
    Defendants. : SEPTEMBER 24, 2004

**DEFENDANT'S MOTION IN LIMINE RE: EVIDENCE OR TESTIMONY
AS TO DEFENDANT'S INVESTIGATION**

**PRELIMINARY STATEMENT**

The plaintiff's complaint specifically alleges that defendant Detective Balnis is liable for false arrest and malicious prosecution because he omitted information regarding the description of Jesus Deleon, that the investigation should have revealed that plaintiff did not have a criminal record, and that plaintiff had an alibi for the date in question. Defendant seeks

to preclude any evidence and/or testimony that purports to challenge the manner in which defendant conducted his investigation[1].

**ARGUMENT**

In determining probable cause, Detective Balnis needed only enough evidence to establish a probability that the suspect has committed the crime. United States v. Fisher, 702 F.2d 372, 375 (2d Cir. 1985); Krause v. Bennett, 877 F.2d 362, 371 (2d Cir. 1989) (noting that probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful). The existence of probable cause is determined in light of information known to the police officer at the time of the arrest. Maryland v. Garrison, 480 U.S. 79, 85 (1987)(emphasis added).

The plaintiff cannot argue that probable cause did not exist because Detective Balnis did or did not engage in a particular course of action during the course of his investigation. See Bernard v. United States, 25 F.3d 98, 103 (2d Cir.1994); Zandhri v. Dortenzio, 228 F.Supp.2d 167, 176 (D. Conn. 2002) (citations omitted). Moreover, a police officer with probable cause to arrest an individual is not required to weigh the suspect's version of the incident prior to making an arrest. Craig v. Krzeminski, 764 F.Supp. 248, 250 (D. Conn. 1991). In addition, police officers are "not required to explore and eliminate every theoretically plausible claim of

---

[1] The Court granted summary judgment as to each defendant except David Balnis.

innocence before making an arrest." Caldarola v. Calabrese, 298 F.3d 156, 167-68 (2d Cir.2002) (internal quotation marks and citation omitted).

## CONCLUSION

Based on the foregoing, defendant respectfully requests that his motion in limine be granted.

DEFENDANTS,

By: _____
Michelle Holmes
Federal Bar No.: ct20014
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06199
(860) 233-8251
mholmes@sackspec.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of September, 2004, to all counsel of record.

Jason M. Lipsky, Esquire
Moynahan, Ruskin, Mascolo
& Minnella
P.O. Box 2242
Waterbury, CT  06702

_____
Michelle Holmes